UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10852-GAO

TERRAFIX ENVIRONMENTAL U.S.A, INC.,
Plaintiff,

v.

BATG ENVIRONMENTAL,
Defendant,

v.

TOWN OF CHARLTON,
Reach and Apply Defendant.

OPINION AND ORDER
August 10, 2010

O'TOOLE, D.J.

After review of the parties' submissions, the Motion for Leave to File a Second Amended Complaint (dkt. no. 19) is DENIED. Both proposed amendments are futile. See Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998) ("[L]eave to amend shall not be granted where amendments would be futile.").

Adding a claim under Massachusetts General Laws chapter 149, § 29 would be futile because that provision does not apply to the contract between the Town of Charlton and BATG Environmental ("BATG"). That provision applies only to contracts where the amount of the contract is "more than two thousand dollars." Mass. Gen. Laws ch. 149, § 29. Under the contract here, BATG agreed to provide its services "in exchange of a location for depositing and disposing of unlined landfill cover . . . , and *without any monetary compensation payable to [BATG]*." (Aff. of Robin Leal Craver Ex. B, at 1 (emphasis added).)

Adding an unjust enrichment/quantum meruit claim would also be futile because municipalities are not liable under this theory of recovery. See All Seasons Servs., Inc. v. Comm'r of Health & Hosps. of Boston, 620 N.E.2d 778, 780 (Mass. 1993) ("The long-standing rule is that a municipality is not liable for implied contracts."); Baltazar Contractors, Inc. v. Town of Lunenburg, 843 N.E.2d 674, 679 (Mass. App. Ct. 2006) ("'[A] party cannot evade the statutory limitations on a municipality's contracting power by rendering services and subsequently seeking recovery based on alternative theories,' such as quantum meruit.") (quoting Park Drive Towing, Inc. v. Revere, 809 N.E.2d 1045 (Mass. 2004)).

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge